IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No: 3:22-cv-569 |
| v. ) | |
| ) | |
| William Lee, Governor of the State ) | Judge Richardson |
| of Tennessee, in his official capacity, ) | |
| ) | |
| *Et al.* ) | Magistrate Judge Newbern |
| ) | |
| ) | |
| *Defendants*. ) | |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM
### AND FOR PROTECTIVE ORDER

Plaintiff John Doe hereby moves the Court for permission to proceed in this action under the pseudonym "John Doe" and to enter a protective order barring the disclosure of his true name or other information that identifies him or his family members, directly or indirectly and requiring that any documents containing such information be redacted or filed under seal. In support of this motion, Plaintiff relies upon his supporting memorandum and the record in this case and states:

1. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

2. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

1

3. Because of the stigma attached to sex offenders and sex offender registration, it is standard practice in litigation brought by sex offenders challenging aspects of sex offender registry laws for courts to allow the plaintiffs to proceed under pseudonyms. *E.g.*, *Does #'s 1 – 9 v. Lee*, 2021 WL 5761039 (M.D. Tenn. 2021); *Doe #11 v. Lee*, 2022 WL 2181800 (M.D. Tenn. June 16, 2022).

4. As detailed in Plaintiff's accompanying Memorandum, Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings because his status as a registered sex offender and information related to this lawsuit exposes both him and his family to potential retaliation and stigma. (Sealed Ex. A, Doe Declaration; Sealed Ex. B, Criminal Case Docs; Sealed Ex. C, SORA Entry).

5. Plaintiff has no objection to providing his true name to Defendants if the Court enters a protective order barring further dissemination of his true name and requiring that any documents containing his true name or other information that would identify him directly or indirectly be redacted or filed under seal. A proposed protective order is attached to this motion.

**CONCLUSION**

For these reasons articulated here and in Plaintiff's accompanying memorandum of law, Plaintiff requests that the Court enter a protective order that (a) permits Plaintiff to proceed in this action under the pseudonym "John Doe," (b) bars the disclosure of Plaintiff's true name or other information that identifies him or his family members, directly or indirectly, and (c) requires that any documents containing such information be redacted or filed under seal.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave.
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: kyle@relentlesslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 2, 2022,** Plaintiff's **Motion to Proceed Under Pseudonym** was filed electronically with the Court's electronic filing system. Plaintiff will serve **Defendants Lee and Rausch on August 2, 2022** by providing a true and correct copy of this document along with the summons and complaint in this matter.

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953