UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM LEE et al.,<br><br>    Defendants. | Case No. 3:22-cv-00569<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

    Plaintiff John Doe brings this action under 42 U.S.C. § 1983 against Defendants Tennessee Governor William Lee and Tennessee Bureau of Investigation Director David Rausch, alleging that Defendants violate the Ex Post Facto Clause of the United States Constitution by retroactively requiring him to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (SORA). (Doc. No. 1.) Doe has filed a motion to proceed under a pseudonym and for a protective order that would require documents containing identifying information to be redacted or filed under seal. (Doc. No. 5.) Lee and Rausch have responded in opposition (Doc. No. 16), and Doe has filed a reply (Doc. No. 19). Doe has also filed a motion to seal the exhibits to his motion (Doc. Nos. 8-1–8-3) and asks that the exhibits be removed from the record if his motion to seal is denied. (Doc. No. 7.) Lee and Rausch did not respond to Doe's motion to seal.

    For the reasons that follow, Doe's motion to proceed under a pseudonym and for a protective order (Doc. No. 5) and his motion to seal (Doc. No. 7) will be denied. The sealed exhibits to Doe's motion (Doc. Nos. 8-1–8-3) will be withdrawn from the record.

## I. Relevant Background

In 1993, Doe was convicted in the Sumner County, Tennessee, Criminal Court of one count of sexual battery and one count of attempted aggravated sexual battery for offenses committed in 1990. (Doc. No. 1.) Tennessee passed SORA in 2003 and 2004, and the statute is applied retroactively to all persons convicted of qualifying offenses, including Doe. (*Id.*) Doe alleges that SORA imposes "stringent registration and reporting requirements" on people convicted of sex offenses, "severely limit[ing] where sex offenders can live, work, and go." (*Id.* at PageID# 3.) Doe argues that, because the offenses for which he was convicted occurred before SORA's passage, subjecting him to SORA's requirements violates the Ex Post Facto Clause and constitutes unlawful retroactive punishment. (Doc. No. 1.) Doe asks the Court to enjoin Lee and Rausch from enforcing SORA against him and to declare the retroactive enforcement of SORA unconstitutional. (*Id.*)

Doe seeks to bring this action anonymously on grounds that disclosing his identity will harm his reputation and retraumatize his now-adult children who were the victims of his crimes. (Doc. Nos. 5, 6.) Doe also argues that being identified as the person bringing these claims would expose him to the risk of law enforcement retaliation and vigilante attacks. (*Id.*) Doe asserts that allowing him to proceed anonymously and entering the requested protective order will not prejudice Lee or Rauch in defending against his claims. (*Id.*)

Lee and Rausch respond that Doe's motion should be denied because Doe has not provided sufficient justification to overcome the presumption of openness in judicial proceedings. (Doc. No. 16.) Lee and Rausch argue that Doe's privacy interests are limited because he is identified in the public record of his criminal case. (*Id.*) Lee and Rausch further argue that Doe has not offered any evidence to show that he faces the risk of retaliation or violence if he proceeds under his name. (*Id.*) In reply, Doe reiterates his original arguments and emphasizes the privacy interests of his adult children. (Doc. No. 19.)

2

Case 3:22-cv-00569   Document 34   Filed 03/21/23   Page 2 of 13 PageID #: 346

Doe also moves to seal the exhibits to his motion (Doc. Nos. 8-1–8-3), arguing that the documents contain "highly sensitive, identifying information that, if publicly disclosed, would totally undermine [Doe's] motion." (Doc. No. 7, PageID# 31.) The exhibits include Doe's declaration, a copy of the judgment in Doe's criminal case, and Doe's online SORA entry. (Doc. Nos. 8-1–8-3.) Doe asks that, if the motion to seal these documents is denied, the Court strike them from the record. (Doc. No. 7.) Neither Lee nor Rauch has responded in opposition to the motion to seal. Doe filed a second motion to seal the exhibits to his reply brief, which include documents from his criminal proceedings that detail the nature of the offenses and identify the victims and the declaration of Doe's adult daughter stating her concerns of harm if her father's connection to this case is known in her small community. (Doc. No. 20.) The Court granted that motion, finding that, "[f]rom the face of the sealed filings, it is clear that the legitimate interests in favor of sealing outweigh the interests of the public in accessing the documents." (Doc. No. 28.)

## II. Legal Standards

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Accordingly, "[p]laintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Specifically, a court may, in its discretion, allow a plaintiff

to proceed anonymously where "[the] plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In determining whether the exceptional circumstances required to defeat the presumption in favor of public disclosure exist in a particular case, courts employ a set of factors first articulated in *Doe v. Porter*:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (internal quotes omitted). Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them "to proceed with insufficient information to present their arguments . . . ." *Citizens for a Strong Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561). *See, e.g.*, *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5–8 (M.D. Tenn. Oct. 29, 2021) (considering risk of harm to plaintiff and possibility of prejudice to defendant if plaintiff proceeded anonymously); *John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012) (considering risk of retaliation and harassment to plaintiff and possibility of prejudice to defendants).

Much like motions to proceed under a pseudonym, motions to file documents under seal must be considered in light of the "'strong presumption'" that court records be open to public review. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption reflects the principle that "the public is entitled to assess for itself the merits of judicial decisions" and, in doing so, must have access to the filings on which courts rely in making those decisions. *Id.* A party seeking to seal court documents thus bears a

heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party moving to file under seal "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp., Inc.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

**III.      Analysis**

      **A.      Doe's Motion to Proceed Under Pseudonym and for a Protective Order**

           **1.      The *Porter* Factors**

The parties agree that the first *Porter* factor weighs in Doe's favor because Doe challenges the government's enforcement of SORA. However, "only in 'a very few cases challenging governmental activity can anonymity be justified[,]'" *Ericksen*, 2017 WL 264499, at *2 (quoting *Stegall*, 653 F.2d at 186), and plaintiffs challenging governmental activity are regularly required to proceed under their own names. *See Doe #11 v. Lee*, 3:22-cv-338 (M.D. Tenn. June 23, 2022), D.E. 42 (collecting cases), *mot. rev. denied*, 2023 WL 1929996 (M.D. Tenn. Feb. 10, 2023). The parties also agree that the third and fourth *Porter* factors weigh against granting Doe's motion, as revealing Doe's identity would not compel him to disclose an intention to violate the law and Doe is not a minor. (Doc. Nos. 1, 6, 16, 19.)

At issue is the second *Porter* factor and whether Doe has shown that pursuing his claims would compel him to disclose information of the "utmost intimacy."[1] (Doc. Nos. 6, 16, 19.) Bringing this case in his own name will require Doe to reveal that he has been convicted of offenses that implicate SORA. Revealing the fact of a prior conviction may weigh in favor of anonymity when, for example, the conviction has been expunged. *See Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006) (finding "the fact that one has been convicted when that conviction has been set aside and the record sealed from public disclosure is 'of the utmost intimacy'"). Doe's convictions, however, are public record and have been included in Tennessee's sex offender registry since SORA was enacted. *See Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022) (denying plaintiff's motion for leave to proceed under a pseudonym and finding that information relating to plaintiff's offense, which had been public record for nearly 30 years, did not warrant anonymity); Order *Doe #11 v. Lee*, 3:22-cv-338 (M.D. Tenn. June 23, 2022), D.E. 42 (denying plaintiff's motion for leave to proceed under a pseudonym on finding that information about plaintiff's conviction was previously publicly disclosed on Tennessee's and Michigan's sex offender registries), *mot. rev. denied*, 2023 WL 1929996 (M.D. Tenn. Feb. 10, 2023).

---

[1] Doe argues that courts routinely rely on the first and second *Porter* factors to grant pseudonym status to plaintiffs in similar lawsuits. (Doc. No. 6.) However, most of the decisions on which Doe relies do not address the *Porter* factors or a motion to proceed under a pseudonym. (*Id.*) For example, Doe cites *Does #1-5 v. Snyder* to support his argument, but the cited decision addresses the constitutionality of Michigan's SORA and does not address pseudonym status or the *Porter* factors. 834 F.3d 696. The two decisions from this Court on which Doe relies address motions for preliminary injunctions. *Does #'s 1–9 v. Lee*, 2021 WL 5761039 (M.D. Tenn. 2021); *Doe #11 v. Lee*, 2022 WL 2181800 (M.D. Tenn. June 16, 2022). Further, in *Does #'s 1–9 v. Lee*, the plaintiffs' motion to proceed under a pseudonym was unopposed. 3:21-cv-00590 (Docket Nos. 6, 32, 44, and 49). And, in *Doe #11 v. Lee*, the Court denied the plaintiff's motion to proceed under pseudonym. Order *Doe #11 v. Lee*, 3:22-cv-338 (M.D. Tenn. June 23, 2022), D.E. 42, *mot. rev. denied*, 2023 WL 1929996 (M.D. Tenn. Feb. 10, 2023).

More compelling is Doe's argument that litigating this case in his own name will disclose intimate information about the abuse of two of his adult children, who were the victims of his crimes when they were minors.[2] In support, Doe offers the declaration of one adult child who states that it would be "humiliating and shameful" to her and her children and grandchildren if Doe's identity was publicly known.[3] (Doc. No. 21-2, PageID# 121.) Courts generally recognize that allegations of sexual abuse constitute information of the utmost intimacy. *See, e.g.*, *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *5 (finding that "[c]ourts have generally recognized that matters of rape and sexual assault involve 'highly sensitive and personal subjects'"); *Ramsbottom*, 2021 WL 2651188, at *4 (finding, in suit involving allegations of sexual abuse and trafficking, that plaintiff's allegations constituted matters of the "utmost intimacy"); *Doe v. Athens Cnty.*, No. 2:22-CV-855, 2022 WL 787868, at *1 (S.D. Ohio Mar. 15, 2022) (finding that allegations of childhood sexual and physical abuse by family members was information of the "utmost intimacy"). However, "[w]hile courts have, indeed, recognized that allegations of sexual assault are 'highly personal,' 'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Ramsbottom*, 2021 WL 2651188, at *4 (quoting *Doe v. McLellan*, No. CV 20-5997, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020)).

The Court recognizes that Doe's adult children are not parties to this lawsuit and, thus, have not taken the affirmative step of putting their identity at issue that a plaintiff takes by initiating litigation. The protection of non-parties' privacy interests is relevant, but not determinative, to the

---

[2] This Court has found that the fact that a victim was a minor at the time the abuse at issue occurred does not weigh in favor of anonymity when the victim is an adult at the time of the litigation. *See Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021).

[3] She also states that she has repaired her relationship with her father. (Doc. No. 21-2.)

decision of whether a plaintiff may proceed anonymously, and consideration of those interests have led courts to different conclusions based on the particular circumstances of a case. *See, e.g.*, *Doe v. Kenyon Coll.*, No. 2:20-CV-4972, 2020 WL 11885928, at *1–2 (S.D. Ohio Sept. 24, 2020) (considering privacy interests of non-party who accused plaintiff of sexual assault in allowing plaintiff to proceed anonymously); *Doe, D.O. v. OhioHealth Corp.*, No. 2:20-CV-2166, 2020 WL 12583953, at *2 (S.D. Ohio May 26, 2020) (finding that privacy interests of plaintiff's child were insufficient to overcome the presumption in favor of openness); *Doe v. Trs. of Dartmouth Coll.*, No. 18-CV-040, 2018 WL 2048385, at *6–7 (D.N.H. May 2, 2018) (considering privacy interests of non-party who accused plaintiff of sexual assault before granting unopposed motion to proceed under pseudonym). *See also* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353, 1409 (2022) ("Some cases allow pseudonymity for the alleged attacker as well as the alleged victim, if the two are relatives or ex-spouses or ex-lovers, because identifying one would also identify the other, at least to people who had known them.").

Here, although information regarding the abuse of Doe's children is of the utmost intimacy, its possible disclosure does not direct that Doe proceed anonymously in the circumstances of his case. First, the claims that Doe raises in this litigation likely will not "compel [Doe] to disclose" more information about his victims than what is already in the public record.[4] *Porter*, 370 F.3d at 560. Doe's complaint does not contain any information regarding his relationship to the victims of his crimes (Doc. No. 1), and the details of those crimes are not central to his challenge to the retroactive enforcement of SORA. Indeed, by filing this motion, Doe has "inflict[ed] upon others the precise harm [he] now seeks to avoid" by disclosing his relationship to the victims and the

---

[4] As this Court has found in a similar case, "the only case-specific fact relevant to [Doe's] ex post facto challenge is the date of his offense." *Doe #11 v. Lee*, No. 3:22-CV-00338, 2022 WL 2181800, at *4 n.9 (M.D. Tenn. June 16, 2022).

underlying facts of his convictions.[5] *Doe v. Freydin*, No. 21 CIV. 8371, 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021) (denying plaintiff's motion for a pseudonym and finding that plaintiff "needlessly expos[ed] identifying information about numerous non-parties, including defendants' ten-year-old son and his grandmother . . . in total disregard of their privacy interests"). Thus, while the privacy interests of Doe's non-party adult children weigh in favor of granting his motion to proceed under pseudonym, that weight is lessened because prosecution of this suit may not require Doe to reveal the highly sensitive information in question.[6]

### 2. Non-*Porter* Factors

The parties also disagree about the risks of harm to Doe, including retaliation and harassment, if he is identified in the lawsuit. (Doc. Nos. 6, 16, 19.) Doe argues that he risks retaliation and harassment by law enforcement and vigilantes, citing a study addressing the risk of vigilante attacks against individuals included in sex offender registries. (Doc. Nos. 5, 6.) However, courts have found general allegations of risk inadequate to justify anonymity and require a plaintiff to show a specific risk of personal harm. *Compare Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022) (denying motion where plaintiff had offered no evidence to support fear of retaliation besides general scholarly evidence) *and Doe #11 v. Lee*, No. 3:22-CV-00338, 2023 WL 1929996, at *5 (M.D. Tenn. Feb. 10, 2023) (finding that, "when a plaintiff seeks to proceed under a pseudonym, he or she must demonstrate a risk of actual harm; in other words, generalized fear based on statistics without more is insufficient") *with Snyder*, 2012 WL 1344412, at *2 (granting unopposed motion after finding that plaintiff had demonstrated that fear was based in specific

---

[5] The Court will allow Doe to withdraw the exhibits that disclose this information.

[6] If revealing the details of his convictions becomes necessary to litigating his claims, Doe may file a narrowly tailored motion to seal or redact that information that complies with this Court's Local Rules and the controlling Sixth Circuit authority discussed herein.

evidence based on comments on a news article regarding sex offenders and a past death threat). Doe has not provided any evidence to show that he faces a particularized risk of harm. Doe does argue that his risk is increased because identifying information including his address is listed on the Tennessee SORA database. As Lee and Rausch respond, however, this Court has found that the actual risk of harm is lower when a plaintiff has been listed in a sex offender registry for many years and has not experienced harassment or other harm. *See Doe #11 v. Lee*, 2023 WL 1929996, at *5 (finding that plaintiff failed to show actual risk of harm when plaintiff was on sex offender registry for 17 years without any incidents occurring due to status).

Doe's arguments regarding reputational harm are unpersuasive. "Generally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *7. Doe makes only speculative arguments about the harm litigating this case may have on his planned post-retirement music career. *Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022) (rejecting plaintiff's speculative claims of harm to employment prospects because he had not presented evidence that he would lose or be unable to find employment due to his identification).

The final factor to consider is whether Lee and Rausch would be prejudiced by Doe proceeding under a pseudonym. Courts addressing prejudice "have examined 'difficulties in conducting discovery,' the 'reputational damage to defendants,' and the 'fundamental fairness of proceeding anonymously,' among other considerations." *Ramsbottom*, 2021 WL 2651188, at *5 (quoting *Rapp v. Fowler*, No. 20-CV-9586, 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021)). Lee and Rausch have not argued that they would be prejudiced if Doe proceeded anonymously, and the Court finds no basis for that argument, given that the defendants know Doe's identity.

Considering the *Porter* factors and the additional factors Doe raises in support of his argument together, the Court finds that Doe has not "established the existence of special circumstances that warrant overriding that presumption in favor of allowing [him] to proceed pseudonymously." *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *9 (citing *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018)). Some of the *Porter* factors favor Doe: Doe is suing the government, and his adult children have an interest in not disclosing intimate information regarding Doe's convictions. The fact that the defendants do not argue that they will be prejudiced by Doe's anonymity also weighs in Doe's favor. But a plaintiff's privacy interests must "substantially outweigh the presumption of open judicial proceedings" to justify allowing a plaintiff to proceed under a pseudonym. *Porter*, 370 at 560. The other interests that Doe asserts—a generalized risk of harm and damage to his professional reputation—do not meet that standard, particularly in light of the fact that Doe's identity and the nature of his convictions have been public record for nearly two decades. While the Court is mindful of the concerns of Doe's adult children, Doe has the ability to mitigate the disclosure of much of the information they do not want to reveal through other means. The Court must return to its starting "premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin Cnty., Ohio*, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013). An exception is not warranted in this case.

The "strong presumption in favor of openness" in court proceedings extends to motions for protective orders requiring that identifying information be redacted or filed under seal. *Brown & Williamson*, 710 F.2d at 1170. While protective orders that require confidentiality in discovery may be commonplace, the Sixth Circuit strongly disfavors motions to seal filings in the court's docket. *See Shane Grp.*, 825 F.3d at 305 ("'Secrecy is fine at the discovery stage, before the material enters the judicial record' . . . 'At the adjudication stage, however, very different

considerations apply.'") (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) and then quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). The same reasons that require Doe to proceed in his own name counsel for denial of a protective order allowing Doe to seal or redact identifying information in filings.

B.     **Doe's Motion for Leave to File Documents Under Seal**

Doe's cursory single-sentence statement in support of his motion to seal is inadequate to justify sealing his filings in the Court's docket, given the "strong presumption" that court records remain open. *See Shane Grp.*, 825 F.3d at 305. Doe has not provided the detailed, document-by-document analysis with legal citations required by Sixth Circuit precedent and this Court's Local Rules. *Id.* at 305–06; M.D. Tenn. R. 5.03(a). Therefore, the court will deny Doe's motion to seal. However, given the sensitive information contained in the exhibits—information that is not necessary to the adjudication of Doe's claims and reveals intimate information about people who are not parties to this lawsuit—the Court will grant Doe's unopposed request to withdraw the exhibits in question (Doc. Nos. 8-1–8-3) if his motion to seal is denied. (Doc. No. 7.)

## IV. Conclusion

For the foregoing reasons, Doe's motion for leave to proceed under a pseudonym and for a protective order (Doc. No. 5) is DENIED. Within fourteen (14) days from the date of this Order, Doe is ORDERED to file an amended complaint identifying himself by his legal name. The Clerk is DIRECTED to update the case caption at that time.

Doe's motion for leave to file documents under seal (Doc. No. 7) is DENIED IN PART. Doe's alternative request to withdraw the subject exhibits is GRANTED. The Clerk's Office is DIRECTED to remove the sealed exhibits to Doe's motion (Doc. Nos. 8-1–8-3) from the Court's docket.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge